IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01312-TPO

JORGE MALLEL MADRIGAL ISLAS,

     Petitioner,

v.

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility,
Aurora, Colorado,

GEORGE VALDEZ, Director of the Denver Field Office,
U.S. Immigration and Customs Enforcement,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

and

TODD BLANCHE, Acting U.S. Attorney General,

in their official capacities,

     Respondents.[1]

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

     This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] and Motion for Temporary Restraining Order [ECF 4]. On April 14, 2026, the Parties consented to this Court's jurisdiction [ECF 13], and U.S. District Judge Daniel D. Domenico referred the

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

Petition to this Court for "all further proceedings." ECF 15. Respondents filed a Consolidated Response [ECF 14], and with the filing of Petitioner's Reply [ECF 16], the Petition and Motion are fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the briefings and the relevant case law, the Court **grants** the Petition as to Count I and **denies as moot** the Motion for Temporary Restraining Order.

## FACTUAL BACKGROUND

Petitioner is a Mexican citizen who entered the United States on an unknown date in 2002. ECF 4-1 at 2. Petitioner alleges that he has lived in the United States for 24 years. ECF 1 ¶ 3. He has six children, and his wife is pregnant with their seventh child. *Id*. ¶¶ 3, 35. He has worked in the slaughterhouse industry for years to provide for his family. *Id*. ¶¶ 3, 35. He denies any criminal history that warrants mandatory detention. *Id.* ¶¶ 3, 17, 35.

On March 14, 2026, the Department of Homeland Security (DHS) issued a Notice to Appear and charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." ECF 4-1 ¶ 2. On March 15, 2026, Petitioner was arrested, ECF 1 ¶ 35, and he remains in custody at the "Aurora Facility" in Aurora, Colorado. *Id*. ¶ 9. Petitioner alleges that he is subject to § 1229a removal proceedings, charged with inadmissibility pursuant to 8 U.S.C. § 1182, and subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). *Id*. ¶ 39.

Petitioner summarizes his situation as a noncitizen who "previously entered the country and reside[d] in the U.S. prior to being detained and placed in removal proceedings." ECF 1 ¶ 39. Petitioner claims simply that Respondents "incarcerate him under the wrong statute without the possibility of requesting bond." *Id*. ¶ 36. Respondents do not dispute Petitioner's description of his

circumstances. They concede that "[w]hen Petitioner was detained by ICE, he was present in the United States without having been admitted." ECF 14 at 2.

## CLAIMS FOR RELIEF

Petitioner first contends (at Count I) that Respondents are improperly detaining him on a mandatory basis under 8 U.S.C. § 1225(b)(2)(A) when the discretionary detention provision of 8 U.S.C. § 1226(a) applies to his situation. ECF 1 at 12-13. He also alleges that his detention is in violation of: several federal regulations  relating to the issuance of bond in immigration matters (Count II), the Administrative Procedures Act, 5 U.S.C. § 706(2) (Count III), and his due process rights (Counts IV and VI).[2] He seeks immediate release or in the alternative a bond release hearing under § 1226(a) before an immigration judge.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

---

[2]    The Petition does not contain a Count V.

## ANALYSIS

**I.    Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Govern Petitioner's Detention**

The Court finds that Petitioner has raised a credible challenge to his detention under the INA and has demonstrated that § 1226(a), not § 1225(b), governs his detention.

As acknowledged by the government, ECF 14 at 2, this Court has already addressed and rejected Respondents' interpretation of § 1225(b). *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO (D. Colo. Feb. 6, 2026). There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a bond determination hearing. *See* ECF 22 in that case. Respondents disagree with that determination, but rather than rehashing their argument here in this case, they submit an "abbreviated response" and reserve the right to appeal this Court's decision. ECF 14 at 2. Respondents concede that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here . . . as the facts of this case are not materially distinguishable from that case". *Id.* at 4. Respondents are correct, and this Court finds, as it did in *Colindres Carmona* and multiple other cases,[3] that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and thus is entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and

---

[3]    *See, e.g., Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at \*2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at \*3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at \*3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at \*5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at \*6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at \*6). *See also*, *Pal v. Lyons*, No. 26-cv-01102-WJM, 2026 WL 937962 (D. Colo. Apr. 7, 2026) (emphasizing the difference between an arriving noncitizen and one who already resides inside the United States). This is Petitioner's situation who has

demonstrated an established presence in the United States by living in the United States for approximately 24 years. ECF 1 ¶ 3.

The principal thread of Respondents' argument is that all noncitizens who entered the country without permission should be deemed "applicants for admission," regardless of how long they have been present in the country. ECF 14 at 3. Respondents claim that *Jennings* supports their conclusion. This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez*, 2026 WL 194163, at *3 (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . . , who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)); )); *see also Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2nd Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly

rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

Respondents cite certain opinions that support their position. ECF 14 at 3 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, *Buenrostro-Mendez* and *Avila* are not controlling and courts in this district have not found the reasoning to be persuasive. *See, e.g.*, *Pal*, 2026 WL 937962, at *3 and *Vargas Cardenas v. Bondi*, No. 26-cv-01174-SKC, 2026 WL 886340, at *2 (D. Colo. Apr. 1, 2026). Because neither the Supreme Court nor the Tenth Circuit[4] has weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit at the district court level, the Second and Seventh Circuit opinions in *Cunha* and *Castañon-Nava*, respectively, and the otherwise predominant consensus of courts interpreting §§ 1225(b) and 1226(a) that have concluded that the mandatory detention of noncitizens in Petitioner's circumstances is illegal.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a) within seven days of the date of this Order. *See Martinez Escobar*, 2026 WL 503313 at *4. Respondents concede this to be the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 14 at 5.

## II.    Petitioner's Other Claim for Relief

Because this Court orders a release determination/bond hearing pursuant to § 1226(a) on the basis of Count I, this Court declines to reach Petitioner's Counts II and III. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, *3 n.3 (D. Colo Feb. 17, 2026) (citing

---

4    The appeal of *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025) to the Tenth Circuit remains pending.

*Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). This Court denies Counts IV and VI as premature, but without prejudice to reassert them should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at *8 (citations omitted).

## CONCLUSION

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at *4. The Court declines to order Petitioner's immediate release because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id*. (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count I;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by May 22, 2026**; and

3) On or before **May 26, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

4) Petitioner's Motion for Temporary Restraining Order [ECF 4] is **denied as moot**.

5) Petitioner's Unopposed Motion for Order [ECF 17] is **denied as moot**.

SO ORDERED.

DATED at Denver, Colorado, this 15th day of May, 2026.


BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge